419 A.2d 1285

Lea BRODSKY, Administratrix of the Estate of
Michael Brodsky, Deceased,

v.

PHILADELPHIA ATHLETIC CLUB, INC., the Hahnemann
Medical College and Hospital of Philadelphia and
Samuel Rappaport.

Appeal of PHILADELPHIA ATHLETIC CLUB, INC.
and Samuel Rappaport.

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed May 2, 1980.

Reargument Denied Aug. 4, 1980.

Leon W. Silverman, Philadelphia, for appellants.

Robert A. Rosin, Philadelphia, for appellee.

Before PRICE, VAN der VOORT and WIEAND, JJ.*

WIEAND, Judge:

This equity action spawned four appeals, all of which were consolidated for argument and are now before this Court for decision. The history discloses that the chancellor, following a full hearing, entered a decree nisi by which the Philadelphia Athletic Club, Inc. and Samuel Rappaport were directed to pay commissions to Lea Brodsky, Administratrix of the Estate of Michael Brodsky, deceased, calculated at the rate of 5% on past rentals paid for the Philadelphia Athletic Club building at Broad and Wood Streets in Philadelphia. Philadelphia Athletic Club, Inc. was also ordered to pay commissions of 5% on future rentals received for the premises from the tenant, Hahnemann Medical College and Hospital, so long as a lessor–lessee relationship continued to exist between the Philadelphia A.C. and Hahnemann. The decree nisi, accompanied by the chancellor's adjudication, was filed on October 13, 1978. When exceptions had not been filed by October 24, 1978, Lea Brodsky, Administratrix, filed a praecipe to have the decree nisi entered as the final decree. An appeal was thereafter filed by Rappaport and the Philadelphia A.C. to the Superior Court, but this appeal was discontinued.[1] Instead, on October 27, 1978, an application for leave to file exceptions to the decree nisi nunc pro tunc was filed with the chancellor. This was denied without hearing and without opinion on November 22, 1978. An appeal was filed from this order by Rappaport and the Philadelphia Athletic Club, Inc. and is properly before this Court.

On February 27, 1979, after hearing, the trial court found appellants in contempt of court and imposed a fine of $50 per day for each day after March 15, 1979 on which appellants failed to comply with the final decree. An appeal to this Court was filed from the contempt order on March 6,

* Judge DONALD W. WIEAND is sitting by special designation.

1. After more than thirty days had expired from the Prothonotary's entry of the final decree, a petition was also filed in the Superior Court for leave to appeal nunc pro tunc. This was denied per curiam on December 18, 1978.

1979, and a supersedeas was entered. However, only the order of February 27, 1979 was stayed.

■ On April 18, 1979, appellee filed another petition seeking to have appellants held in contempt of court. A hearing thereon was held on May 1, 1979, when it was shown that although rentals were continuing to be paid to appellants, they refused to pay therefrom the commissions ordered by the court. At that time, the chancellor threatened to send Rappaport, the individual appellant, to jail and fine him $50 per day if the matter was not resolved in ten days. A formal order, however, was not entered. Nevertheless, appellants filed another appeal.[2] A petition to stay further attempts to enforce the decree of October 13, 1978 was filed in the Superior Court but denied per curiam on May 16, 1979.[3]

Thereafter, on May 29, 1979, the court below entered an order which found appellants in contempt, entered judgment against appellants for rent due in the total sum of $108,-311.40 and directed the Prothonotary to issue an assignment of rents from the tenant to appellee. The court also directed appellants to pay the sum of $5,000 to the County of Philadelphia as costs of the contempt proceedings. A fourth appeal was taken by appellants from this order.

We consider first the order of November 22, 1978, by which the chancellor refused appellants' petition for leave to file exceptions nunc pro tunc. Pa.R.C.P. No. 1518 provides for the filing of exceptions to a chancellor's adjudication "within ten (10) days after notice of the filing of the adjudication." The period for filing exceptions commences when the Prothonotary complies with Pa.R.C.P. No. 1517(b) which requires that he "shall notify all parties or their attorneys of the date of filing."

2. This appeal was improper. There was no final order from which an appeal could properly be taken. A chancellor's threat to hold a party in contempt at some future time if a decree is not performed is neither final nor appealable.

3. Petitions for a writ of mandamus and for injunctive relief directed to the chancellor were also denied by the Superior Court.

■ These rules are not to be administered so as to work inequity. Thus, it lies within the discretion of the chancellor to permit the filing of exceptions nunc pro tunc after the ten day period has expired. On appeal, the question is whether or not the chancellor has abused his discretion. *Haefele v. Davis*, 373 Pa. 34, 95 A.2d 195 (1953); *Pokrzywnicki v. Kozak*, 353 Pa. 5, 44 A.2d 247 (1945). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion . . . the judgment exercised is manifestly unreasonable . . . discretion is abused." *Pokrzywnicki v. Kozak*, supra, 353 Pa. at 7, 44 A.2d at 248; *Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934).

Appellants alleged that their failure to file timely exceptions in the instant case had been due to counsel's mistaken belief that he had twenty days within which to file such exceptions. Appellee filed an answer in which the oversight of appellants' counsel was alleged to be irrelevant but was not factually denied. We take judicial notice that Pa.R.C.P. No. 1518 had been amended on April 30, 1977, effective 90 days thereafter, to shorten the period for filing exceptions to a chancellor's adjudication in equity from twenty to ten days. Unfortunately, the chancellor's failure to file a statement of reasons for denying appellants' request, as required by Pa.R.A.P. No. 1925(a), makes it impossible for us to know the reason or reasons for his denial of appellants' request. The reasons for the chancellor's order are particularly important where, as here, appellants' failure to file timely exceptions has been attributed to the mistake of counsel. This is a basis on which courts have frequently acted to relieve a party of a default. See: *Ecumenical Enterprises v. Nadco Construction, Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978); *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 346 A.2d 566 (1975).

■ Appellee argues that the mistake or neglect of appellants' counsel is not an adequate basis for granting relief where, as here, a final decree has been entered in adverse proceedings. Appellee correctly asserts that final judgments in adverse proceedings will not be opened in the

absence of fraud, neglect of a court official, or other extraordinary cause. See: *Wise v. Campbridge Springs,* 262 Pa. 139, 104 A. 863 (1918); *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 253 Pa.Super. 547, 385 A.2d 474 (1978); *C. & B. Toy Clubs, Inc. v. Toy Ladies, Inc.;* 65 D. & C.2d 115 (1973). In the instant case, however, the docket of the Prothonotary fails to disclose that notice of the filing of the chancellor's adjudication was sent to appellants or their attorney as required by Pa.R.C.P. No. 1517(b) and Pa.R.C.P. No. 236. The docket, therefore, fails to support the entry of the final decree. *Ruh v. Ruh;* 268 Pa.Super. 82, 407 A.2d 447 (1979). This is not altered by the admission in appellants' petition that a copy of the adjudication was sent to their counsel, for it does not tell us when or by whom.

Under these circumstances, we are of the opinion that appellants should have been permitted to file exceptions to the chancellor's adjudication and that it was an abuse of discretion to refuse to consider and decide such exceptions. See: *Pokrzywnicki v. Kozak,* supra.

■ The decree entered by the chancellor in this case was for the payment of money. Appellants were ordered to pay commissions of 5% on past and future rentals received for the Philadelphia Athletic Club building. The amounts due under such a decree can be enforced by the same execution processes available in an action at law. Pa.R.C.P. No. 1529(a). Execution cannot properly issue, however, unless and until a final decree has been entered.

Meanwhile, the status quo can be maintained pending a final decree by a special, ancillary injunctive order. Pa.R.C.P. No. 1531(a). See also: *Slott v. Plastic Fabricators, Inc.,* 402 Pa. 433, 167 A.2d 306 (1961); *North Penn Gas Co. v. Mahosky,* 250 Pa.Super. 366, 378 A.2d 980 (1977).

■ In view of our decision that appellants' exceptions should be heard and decided by the court below, the chancellor's enforcement orders of February 27, 1979 and May 29, 1979 are premature. They will be vacated. In doing so, we express no opinion concerning the propriety of those orders

by which the chancellor attempted to enforce the decree for the payment of money. It may be observed, however, that in the absence of fraud, the abolition of imprisonment for debt prevents the issuance of an attachment of a defendant's person to enforce a decree for the payment of money. *Brierhurst Realty Co. v. Lembrecht*, 299 Pa. 9, 148 A. 863 (1930); *Commonwealth ex rel. DiGiacomo v. Heston*, 292 Pa. 63, 140 A. 533 (1928); *Tonuci v. Lennon*, 186 Pa.Super. 522, 142 A.2d 745 (1958); Goodrich–Amram 2d § 1529(c):1. Where, as here, rents are paid monthly, execution, possibly by garnishment, will be a more appropriate means for enforcing a final decree or judgment for the payment of money.

The orders of November 22, 1978, February 27, 1979 and May 29, 1979 are vacated, and the matter is remanded for proceedings consistent with the foregoing opinion.

Judge DONALD E. WIEAND participated in the consideration of this appeal by special designation after his term of office had expired.