Reginald D. Plato, Appellant *v.* City of Pittsburgh, Appellee.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Reginald D. Plato,* appellant, for himself.

*D. R. Pellegrini,* City Solicitor, with him *Cynthia M. Danel,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE BLATT, January 28, 1983:

Reginald D. Plato, a pro se appellant, appeals here from an order of the Court of Common Pleas of Allegheny County which denied his request that the City of Pittsburgh (City) provide him certain documents and be prohibited from destroying the same.

Before the court of common pleas, Plato styled his action as a petition for a preliminary injunction, and at a hearing held thereon where no evidence was presented, both parties agreed that arrangements would be made for Plato to have access to the requested documents provided that he would more definitely state the allegations contained in paragraph eight of his complaint so that the City would be able to prepare a defense which might be required later. The court then directed that the appellant would have 24 hours to provide the City with such further information; specifically, the identity of the testing laboratory referred to in his complaint which conducted asphalt core-sample tests on City streets.[1] Plato failed to appear or to produce this information within the 24 hour limit, and the court by order dated June 30, 1981 dismissed his petition for a preliminary injunction. On July 16, 1981, Plato filed exceptions to the aforementioned order.

The City contends that Plato's appeal should be dismissed for his failure to file exceptions within the

[1] Our examination of the transcript of the proceeding below indicates that Plato would not reveal the identity of the testing laboratory because he felt it would "compromise the integrity of this investigation." The trial court noted that "such testings (borings) were done without the Defendant's knowledge or approval and is in violation of the City of Pittsburgh Ordinances."

ten day period required by Pa. R.C.P. No. 1518 which provides as follows:

Exceptions

Within ten (10) days after notice of the filing of the adjudication exceptions may be filed by any party to rulings on objections to evidence, to statements or finding of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

In *Greenwood Township v. Kefo, Inc.*, 52 Pa. Commonwealth Ct. 367, 416 A.2d 583 (1980), we addressed a similar situation where an appellee sought to quash a Township's appeal for failure to file exceptions to the trial court's order within 10 days thereof. We said there:

The lower court order here was not in decree nisi form referable to exceptions, as is appropriate in equity. It stated simply:

"AND NOW, May 29, 1979, Greenwood Township Ordinance No. 77 is declared invalid."

The Supreme Court has addressed a similar situation. In Commonwealth v. Derry Township, 466 Pa. 31, 351 A.2d 606 (1976), that court noted that, as here, the "order contains no findings of fact, no conclusions of law, nor any language which would indicate that the order is a decree nisi, or that the parties were re-

quired to file exceptions to perfect a right of appeal. . . . The court went on to say:

"There is nothing on the face of the order which would indicate that it is anything other than a final order and, as such, the requirements of Rule 1518 are not applicable. When the court's order neither comports with the requirements of Rule 1517 nor indicates on its face that the order is a decree nisi, it should not be presumed exceptions must be filed in order to preserve a right of appeal." (Citations omitted.)

*Id.* at 370, 416 A.2d at 584-85. In view of the above and of the circumstances[2] herein, we must, therefore reject the City's contention that Plato's appeal should be quashed for failure to comply with Rule 1518.

Turning to the merits of Plato's appeal, and after consideration of his prolix statement of the questions involved, we find that we are unable to address many of the issues raised. They contain, *inter alia,* philosophical, political, and jurisprudential musings irrelevant to this appeal. We will, therefore, examine the actions of the trial court to see whether or not it erred or abused its discretion in entering the order dismissing this injunction request. *Borough of Trappe*

---

2 We note that the period for filing exceptions commences when, pursuant to Pa. R.C.P. No. 1517(b), the prothonotary notifies all parties or their attorneys of the date of filing. *Brodsky v. Philadelphia Athletic Club,* 277 Pa. Superior Ct. 549, 419 A.2d 1285 (1980). Here like *Brodsky* the "docket of the Prothonotary fails to disclose [the date] that notice of the filing of the chancellor's adjudication was sent to appellants or their attorney. . . ." *Id.* at 554, 419 A.2d at 1288.

Additionally, here the trial court accepted Plato's exceptions after the 10 day period. "[I]t lies within the discretion of the chancellor to permit the filing of exceptions nunc pro tunc. . . ." *Id.* at 553, 419 A.2d at 1287.

*v. Longaker*, 59 Pa. Commonwealth Ct. 572, 430 A.2d 713 (1981).

An agreement between parties made, noted and approved by a court constitutes a stipulation[3] which may be enforced according to its terms. *Cooper-Bessemer Co. v. Ambrosia Coal and Construction Co.*, 447 Pa. 521, 291 A.2d 99 (1972); *Al Monzo Construction Co., Inc. v. Monroeville Borough*, 5 Pa. Commonwealth Ct. 97, 289 A.2d 496 (1972).

> This includes oral stipulations made in open court, which receive the imprimatur of the trial judge, and thus have the same effect as though reduced to writing and executed with complete formality. Black v. Black, 206 Pa. 116, 117-118, 55 A. 847, 848 (1903); Bookwalter v. Bookwalter, 75 Pa. Superior Ct. 577 (1921).
>
> . . .

*Zvonik v. Zvonik*, 291 Pa. Superior Ct. 309, 323, 435 A.2d 1236, 1243 (1981) (citations omitted).

In the instant matter, it is clear that Plato did not comply with his stipulation that he would produce the name of the testing laboratory that had conducted, at his direction, asphalt core-sample tests. At the time the stipulation was entered into, the Court believed that 24 hours would be a reasonable time for the transmittal of such information and Plato indicated that he would try to "accommodate" the City's request within such time. He did not. We cannot say, therefore, that the trial court abused its discretion in either setting the 24 hour time limit or in dismissing Plato's injunction request after being in-

---

[3] Any matter which involves the individual rights or obligations of the parties inter se may properly be made the subject of a stipulation between them." *Foote v. Maryland Casualty Co.*, 409 Pa. 307, 313, 186 A.2d 255, 258 (1962).

468

formed by the City that Plato had failed to comply with the stipulation and order of the court.[4]

We will therefore affirm the order of the court of common pleas.

ORDER

AND Now, this 28th day of January, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

[4] We note the equitable maxim "he who seeks equity must do equity." *See Hartman v. Cohn*, 350 Pa. 41, 38 A.2d 22 (1944). Implicit in this concept is the duty to proceed and exhibit good faith. *Id.*