560 A.2d 183

William TINDAL, Jr. and Delores Rollins & Carl Rollins

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Robert Addison and William Tindal Jr., Additional Defendant.

Appeal of Robert ADDISON and Southeastern Pennsylvania Transportation Authority.

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed June 12, 1989.

96

Stephen S. Dittmann, Philadelphia, for appellants.

Alan Greenberg, Philadelphia, for appellees.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

BROSKY, Judge:

This appeal is from the judgment entered on molded verdicts awarded in favor of appellees, Carl Rollins (hereinafter, "Rollins"), and Delores Rollins (hereinafter, "Mrs. Rollins"), and against appellants, Southeastern Pennsylvania Transportation Authority (hereinafter, "SEPTA"), and Robert Addison (hereinafter, "Addison"), and William Tindal, Jr. (hereinafter, "Tindal").[1] Appellants raise two interrelated issues before the court *en banc.* The first is whether they have a due process right to an evidentiary hearing to determine their responsibility for the payment of delay damages. Appellants' second contention assumes, for the purpose of argument, their liability for delay damages. However, they question whether delay damages should be allocable either jointly and severally as against all liable defendants or whether they should be apportioned only against a particular defendant's liability.

Pursuant to the mandate of Pa.R.C.P. 238, newly promulgated as the embodiment of *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), we

---

1. As set forth in text, *supra,* Tindal, the driver of the automobile involved in the subject collision with the SEPTA bus, filed suit, together with his passengers, the Rollinses, appellees herein, against SEPTA and Addison, the driver of the bus. Thereafter SEPTA, pursuant to Pa.R.C.P. 2252(d), filed New Matter in which it joined Tindal as an additional defendant. Although Tindal was ultimately found jointly liable with SEPTA and Addison, he is not a party to this appeal.

reverse and vacate the judgment entered on the award, as molded, and remand with instructions. Our reasoning follows.

The procedural genesis of this suit is a complaint filed on December 1, 1978, by appellees and Tindal against appellants as a result of an intersectional collision between a motor vehicle driven by Tindal and a SEPTA bus operated by appellant, Addison. Appellees were passengers in the Tindal vehicle.

Pursuant to Pa.R.C.P. 2252(d), appellant, SEPTA, filed New Matter joining Tindal as an additional defendant. By Order of June 15, 1979, the President Judge of the trial court stayed the instant litigation because Tindal's insurer, Safeguard Mutual Insurance Company, had become insolvent, as a result of which the Insurance Commissioner suspended Safeguard from conducting business in Pennsylvania. According to the Opinion of the trial court, this stay terminated on October 2, 1982.

Pursuant to a pre-trial conference, the trial court entered an Order dated November 2, 1984, which indicated that Rollins' wage loss was, as yet, unascertainable because requested copies of Rollins' tax returns had not been received by counsel for appellants.

A settlement figure for Mrs. Rollins of nine thousand dollars ($9,000.00) was recommended by the Court. However, at oral argument on post-trial motions, counsel for SEPTA conceded that it had never made a written offer of settlement. At a subsequent pre-trial conference, the trial court entered another Order dated December 7, 1984, indicating that Tindal's settlement offer to Rollins was the policy limit of fifteen thousand dollars ($15,000.00), and that an offer of two-thousand dollars ($2,000.00) by Tindal to Mrs. Rollins had also been made. At that time, the trial court granted a continuance for the period December 17, 1984, through December 30, 1984, because appellants' expert witness was unavailable for trial for this period of time.

Trial commenced on January 29, 1985, and terminated on February 5, 1985, culminating in a verdict in favor of appellees as follows: for Rollins, in the amount of seventy thousand dollars ($70,000.00); for Mrs. Rollins, in the amount of fifteen thousand dollars ($15,000.00) for her injuries due to the accident and in the amount of five thousand dollars ($5,000.00) for her derivative claim of loss of consortium. Tindal was determined to be seventy percent (70%) liable and both SEPTA and Addison together were found to be thirty percent (30%) negligent. On February 13, 1985 (by document filed February 15, 1985), the trial court molded the verdicts to reflect delay damages.

Post-trial motions for a new trial, which included a motion to reduce the molded verdicts, were filed on behalf of SEPTA and Addison and orally argued on November 4, 1985. By Order filed December 31, 1985, the trial court denied appellants' post-trial motions for a new trial and to reduce the molded verdicts and entered judgment on the verdicts, as earlier molded. From the judgment entered, an appeal was taken to this court on January 29, 1986, at No. 00291 Philadelphia, 1986. In a *per curiam* Memorandum Opinion filed January 21, 1987, 363 Pa.Super. 649, 522 A.2d 666 this court remanded for further proceedings consistent with *Craig*.

Following remand, the trial court, by Order entered March 19, 1987, vacated its previous Order filed December 31, 1985, and entered judgment on the verdicts as remolded, in the amount of ninety thousand, three dollars ($90,003.00) in favor of Rollins and twenty-five thousand, seven hundred fifteen dollars ($25,715.00) for Mrs. Rollins. This latter figure represents the aggregate amount for both the direct and the derivative claims made by Mrs. Rollins. Following entry of judgment on the verdicts as remolded, appellants once again appealed to this court.

As their threshold issue, appellants urge that, upon initial remand of this case by us for consideration in light of *Craig*, the trial court "failed to hold an evidentiary hearing

or to make findings as to what extent ... SEPTA was responsible for any alleged delay." Appellant's Brief, 6.

The basis for the trial court's reduction of delay damages and its consequent remolding of the verdicts on remand was its exclusion from the period of alleged delay the one hundred-eighty-seven-day stay imposed by the President Judge of the Philadelphia County Common Pleas Court as a result of the insolvency of Tindal's insurer, Safeguard Mutual Insurance Company. The trial court believed that the mere deduction of the period of time in which the litigation was stalled because of administrative concerns—a period of delay for which neither party was responsible—without further ascertainment of fault on the part of the respective parties for the balance of the delay period was tantamount to compliance with *Craig*. In short, the trial court simply deducted the period of time encompassed by the stay from the total time between one year following accrual of the cause of action and the date of verdict and then charged the balance of the time to appellants.

Appellants' dispute is two-fold. First, they contest their liability for delay damages at all; secondly, assuming that a court would find them liable for at least some delay, appellants seek a judicial determination as to the extent of *their* responsibility for delay damages. Appellants argue, in essence, that "the Trial Court has stopped short of the due process requirement [of holding an evidentiary hearing] as to ... SEPTA to determine what period of delay is to be assessed against a particular defendant[,]" (Appellant's Brief, 7) i.e., against appellants *and* against Tindal, as well. They further charge the trial court with failing to "sufficiently evaluate the *cause* of the delay...." *Id.;* emphasis in text. We interpret this to mean the failure of the trial court, in considering the total amount of delay, to assess responsibility for delay according to the respective faults of appellants and appellees. A contrary suggestion would work a patent distortion upon its otherwise clear language.

■ Consequently, the trial court's belief that it had complied with the dictates of *Craig* by virtue of its elimina-

tion from the computation of delay damages the span of time encompassed by the stay Order from the total time lapsing between accrual of the cause of action and the date of verdict is contradistinct to the express mandate of the new Rule in subsection (b) thereof as follows:

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity,

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff or

(2) during which the plaintiff caused the delay of the trial.

It is clear from the above that the newly enacted Rule does not permit the exclusion from the calculation of delay damages periods of delay for which no party is responsible due to extraneous administrative concerns. Moreover, the assumption that this delay is solely attributable to appellants without conducting further fault-finding proceedings is tantamount to a procedure "that punishes a defendant *qua* defendant ... [and] smack[s] of a substantive enlargement of duties owed." *Craig* at 65, 512 A.2d at 1353.

Relative to the matter at bar, we are remanding to the trial court for the holding of an evidentiary hearing in light of the newly promulgated Rule 238. At this hearing, the trial court shall ascertain all instances of fault-based delay caused by appellees. If the trial court concludes,

after hearing, that fault-based delay on the part of appellees exists, it shall proceed to subtract that period of time involved in appellees' delay from the total delay time assessed against appellants.

■ As we noted at the genesis of our discussion, SEPTA never made a written offer of settlement and conceded as much at argument on post-trial motions. A written offer of settlement is *sine qua non* to the tolling of the delay damage period under newly effective Rule 238(b)(1) (*supra* at 8–9) as it was under subsection (e) of its predecessor Rule. At first blush, it appears, then, that SEPTA would be liable for payment of delay damages for the entire period commencing one year from the date of the accrual of the cause of action to the date of verdict. *See* new Rule 238(a)(2)(i). Subsection (b) thereof is express in terms of allowable exclusions. Under subsection (b)(1), the requisite offer of settlement must be made in writing, maintained in effect for the period provided by the Rule, not accepted by the plaintiff and, finally, not exceeded by more than one-hundred twenty-five percent (125%) of the ultimate verdict rendered. However, subsection (b)(2) provides that alternative exclusions may become applicable when the trial court determines that the plaintiff has caused some delay which has actually impeded the normal progress of the case towards trial. This is precisely what the trial court failed to consider on initial remand and what it is directed to determine upon remand this time.

■ To explicate, we direct the trial court, on remand, to conduct an evidentiary hearing at which the entire record will be scrutinized for instances of delay attributable to the fault of appellees which actually stalled the trial of this case. In this regard, the Comment to new Rule 238 reminds that "not every procedural delay [as to appellees] is relevant to the issue of delay damages, but only such occurrences as actually cause the delay of the trial." Hence, the trial court shall not subtract any period of time where delay on the part of appellees, if any, has not contributed to the breakdown of the normal progress of the

litigation. In considering whether appellants' delay for failing to offer to settle can be mitigated by any corresponding fault-based delay on the part of appellees as contemplated by the new Rule, the trial court is directed to consider the *entire* period from December 10, 1978, which is one year after the accrual of the cause of action (*see* new Pa.R.C.P. 238(a)(2)(i)), to February 5, 1985, the date of verdict.

 We are mindful that newly promulgated Rule 238 in subsection (c) thereof and *Craig* do not require the trial court to hold a hearing. Instead, the court may determine the application for delay damages solely upon Petition and Answer. *Craig* notes that a hearing may be held where factual disputes exist. The Comment to the new Rule further explains:

> Rule 238 as revised is not a balancing test which weighs every procedural maneuver of the parties. It does not mandate a hearing on delay damages in every case, but permits a hearing when the award of such damages is opposed by the defendant, an issue of fact is raised and the court feels that a hearing would be useful. It is an attempt to inject fairness into the rule and to balance that fairness with efficient judicial administration.

We believe that the foregoing observation by our Supreme Court contemplates the situation with which we are faced instantly. Appellants oppose the assessment of delay damages as against them without the holding of further fault-finding proceedings relative to a finding of fault, if any, on the part of appellees as a result of which they may be able to mitigate their responsibility for the payment of delay damages. This concern, in our view, is sufficient to raise the need to hold such a fact-finding hearing, and we so order.

In their second issue to this court, appellants assume, for the purpose of argument, that they are, indeed, responsible

for delay damages.[2] After the trial of this case, the jury rendered a verdict finding both appellants and Tindal liable for injuries. Appellants were determined to be thirty percent (30%) negligent in causing the injuries sustained by appellees with the remaining seventy percent (70%) being attributed to the negligence of Tindal.

The parties have raised no issues relative to the underlying cause of action on appeal. Instead, appellants now ask this court to decide whether they should be jointly and severally liable on the *total* amount of delay damages of twenty-five thousand, seven hundred eighteen dollars ($25,-718.00) (which is exclusive of the verdict), as they would be on the jury verdict, or whether their responsibility should be limited to their corresponding liability on the verdict (i.e., thirty percent). This concern seems to have been generated by the apparent inability of Tindal to meet his obligations on the underlying verdict due to the insolvency of his insurer, Safeguard Mutual.

■ Appellees rely on our Supreme Court's summary affirmance in *Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985), of this court's determination that SEPTA was jointly and severally liable for that portion of delay damages attributable to the delay of another tortfeasor. *See* 330 Pa.Super. 420, 479 A.2d 973 (1984). As the predicate for its conclusion, this court likened a tortfeasor's liability for delay damages to his corresponding responsibility for a damage award on the original cause under the provision of the comparative negligence law which allows a plaintiff to recover the full amount of an award from any tortfeasor who is not otherwise judgment proof. In essence, a plaintiff may, under this statute, recover against a tortfeasor in excess of the latter's pro rata share of damages in a suit

---

2. At argument on post-trial Motions, appellants were primarily concerned with facing the possibility of being held ultimately responsible for payment of delay damages assessed not only against them but also against Tindal, whose insurance carrier was declared insolvent. Their argument focused not on their blamelessness for causing any delay but, rather, in favor of the proposition that their accountability should be limited in proportion to their liability on the underlying verdict.

where multiple tortfeasors are found liable. The statute further allows the overpaying tortfeasor to seek contribution from the other responsible defendants for such overpayment. *See* 42 Pa.C.S.A. § 7102(b).

 Liability normally follows verdict. Therefore, appellants are jointly and severally responsible for the entire amount of delay damages because they are jointly and severally liable for the entire amount of the verdict. This result logically obtains from the new Rule which, while labelled "delay damages," is really in the nature of prejudgment interest to be added to compensatory damages awarded at verdict. Moreover, the express language of Rule 238 requires that damages for delay "become part of the verdict, decision or award." Pa.R.C.P. 238(a)(1).

In sum, we hold that considerations of due process militate in favor of appellants' entitlement to an evidentiary hearing to ascertain the existence of any period(s) of fault-based delay on the part of appellees as discussed *supra.* In this case, the trial court, in failing to conduct an evidentiary hearing after our initial remand, "sought [to] run too tight a gauntlet through Due Process [ ] by denial of a forum to assess fault for the delay sought to be avoided[,]" *Craig* at 65, 515 A.2d at 1353, or, at least, mitigated.

Hence, since delay damages have not been determined in accordance with this new Rule, we vacate, reverse and remand for an evidentiary hearing to determine which periods of delay, if any, were caused by appellees and for a remolding of the verdict, if necessary, pursuant to those findings.

Judgment on the verdicts as remolded is vacated and reversed. Matter remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

McEWEN, J., did not participate in the consideration of or decision of this appeal.

CIRILLO, President Judge, and OLSZEWSKI, J., files concurring and dissenting statements.

ROWLEY, J., joins the majority and files a concurring statement.

POPOVICH, J., files a concurring and dissenting opinion.

CIRILLO, President Judge, concurring and dissenting:

I respectfully dissent from the result reached by the majority here. I would not remand this case to the trial court with instructions that it reassess delay damages in accordance with new rule 238 for reasons more fully expressed in my dissenting opinion in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (en banc) (Cirillo, P.J., dissenting). I would remand with instructions that the court determine delay damages pursuant to the Pennsylvania Supreme Court's decision in *Craig v. Magee Memorial Rehabilitative Center*, 512 Pa. 60, 515 A.2d 1350 (1986), as explicated by that court's promulgation of new rule 238. *See Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989) (en banc) (Cirillo, P.J., dissenting). As I stated in my dissent in *Miller*, "[e]ven though the delay damages determination was made using an improper standard, the determination was made, and the issue resolved." *Miller*, 381 Pa.Super. at 244, 553 A.2d at 447.

I do, however, agree with Judge Brosky's discussion of the proper method by which to apportion delay damages among multiple defendants. I therefore concur in that portion of his majority opinion which deals with the issue of apportionment.

ROWLEY, Judge, concurring:

I join in the Opinion of the majority, and write separately only in order to point out the distinction between the present case, in which plaintiffs/appellees were awarded prejudgment interest ("delay damages") by the trial court and defendants/appellants' request for remand was granted by this Court, and *King v. SEPTA*, 383 Pa.Super. 420, 557 A.2d 11 (1989), in which plaintiff/appellee was awarded

prejudgment interest by the trial court but defendant/appellant's request for remand was *not* granted by this Court.

The factor which distinguishes the two cases is the merit, or lack thereof, of the issues raised by the appellants. In the case before us, one of the issues raised by defendants/appellants is, as the majority explains, the trial court's failure to assess plaintiffs/appellees' responsibility, if any, for pretrial delay. This claim for relief is a meritorious one under new Rule 238, which directs that periods of time during which the plaintiff caused delay of the trial shall be excluded from the period for which prejudgment interest is awarded. Remand to the trial court for the limited purpose of holding an evidentiary hearing to evaluate plaintiffs/appellees' responsibility for delaying the trial is, therefore, necessary in the present case.[1]

In *King v. SEPTA*, by contrast, "[t]he *sole* issue presented for our review [by defendant/appellant SEPTA was] whether the trial court erred in awarding 'delay damages' to [plaintiff/appellee] after having found that the delay encountered in litigating the case was not the fault of either party." *Id.*, 383 Pa.Superior Ct. at 420, 557 A.2d at 11 (emphasis in original). Defendant/appellant conceded that plaintiff/appellee was not at fault in delaying the trial, but argued that its own lack of fault should bar any award of prejudgment interest. We held that this claim did not entitle defendant/appellant to relief, as the drafters of new Rule 238 "have not allowed for the exclusion of periods of delay not caused by either party." *Id.*, 383 Pa.Superior Ct. at 424, 557 A.2d at 13 (quoting *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 242, 553 A.2d 443, 446 (1989)). Because defendant/appellant was not entitled to relief under new Rule 238 and plaintiff/appellee sought

---

1. There is, in particular, a suggestion in the majority opinion of fault on the plaintiffs' part for failing to deliver promptly the tax returns that were essential to the determination of plaintiffs' wage loss. On remand the trial court will have to determine 1) whether plaintiffs were in fact at fault in this regard and 2) if so, whether their dilatory response caused delay of the trial.

none, remand to the trial court in *King v. SEPTA,* unlike in the present case, was unnecessary.

OLSZEWSKI, Judge, concurring and dissenting:

I agree with the majority in every respect except on its holding that appellants are jointly and severally responsible for the entire amount of delay damages. I am of the opinion that such a result, in some situations, will unfairly and unjustly place a penalty for delay damages on a party who may not be responsible for the entire amount.

Therefore, I would hold that the extent of appellants' responsibility for payment of damages for delay should be in direct proportion to the amount of delay that they have actually generated minus the amount of delay attributable to appellees' conduct.

POPOVICH, Judge, concurring and dissenting:

To the extent the Majority acknowledges the use of a "fault-based" standard for the imposition of delay damages, first enunciated by our Supreme Court in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), I join in the remand requiring the trial court to conduct an evidentiary hearing to ascertain the presence of "fault" and its apportionment.

However, because the trial court made its determination regarding delay damages in conformance with what it believed was called for by *Craig,* the matter should be controlled by the procedure which existed prior to the promulgation of the November 7, 1988 new Rule 238. In any case, my belief is that the overriding consideration prior to the awarding of delay damages is the ascertainment of "fault" against the party whom the damages are sought to be imposed. Therefore, where purely administrative court-related matters impair the bringing a case to trial, I can see no justification for placing the mantle of liability, solely as a matter of course, upon a defendant.[1] This, in my view,

1. It is interesting to note that on the criminal side, judicially caused delay is excluded from the running of the 180–day time-frame for

strikes of a *pro forma* application of Rule 238 violative of the spirit of the Rule and *Craig*.

Thus, for the reasons herein stated, I respectfully dissent to a portion of the Majority's rationale implying that the calculation of delay damages against a defendant should be effectuated where he/she/it had no hand in the prolongation of the case to completion.

bringing an accused to trial under Pa.R.Crim.P. 1100. See *Comment* to Rule 1100. Yet, the majority proposes to add court-related delay to the computation of delay damages. Although the former impacts on a defendant's freedom of movement, while the latter is preoccupied with the deprivation of a defendant's proprietary interest in order to make the plaintiff "whole" monetarily, I can see no legitimate justification for excluding judicially caused delay in one and including it in the other.

I would treat both circumstances in the same manner and exclude that period of time attributable to judicially caused delay.