577 A.2d 1384

**Pasquale FIORENZA and Vittoria Fiorenza, H/W**

v.

**Bernard KOHN, Appellant.**

Superior Court of Pennsylvania.

Argued May 3, 1990.

Filed Aug. 8, 1990.

2

E. Douglas DiSandro, Philadelphia, for appellant.

John T. Quinn, Philadelphia, for appellees.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a judgment entered July 26, 1989, which followed the court's order granting appellees' motion for additur and awarding delay damages for a total award of $49,315.05.[1] Appellant contends that the trial court erred in (1) granting appellees' motion for additur and (2) awarding delay damages pursuant to Pa.R.Civ.P. 238. For the reasons that follow, we affirm the order and judgment below.

---

1. The award was broken down as follows: $45,000.00 to appellee husband; $1,815.05 in delay damages; and 2,500.00 to appellee wife for loss of consortium.

This case arises from an automobile accident that occurred on September 18, 1985. Appellee Pasquale Fiorenza, while stopped at a traffic light going south on Broad Street in Philadelphia, was struck from behind by a vehicle driven by appellant. As a result of the accident, Pasquale Fiorenza suffered personal injuries and incurred medical expenses.

Upon agreement of the parties, the case was submitted to the trial court upon stipulated facts, with appellant admitting total liability. The parties stipulated to the facts of the accident and agreed on all medical bills. The trial court took the case under advisement in December of 1988, and then, awarded Pasquale and Vittoria Fiorenza $6,436.20 for medical expenses, $7,000.00 for pain and suffering, and an additional $2,500.00 for appellee wife's loss of consortium. Appellees filed post-trial motions requesting a new trial or, in the alternative, an additur on the basis that the damages awarded were insufficient. In their motion, appellees also requested delay damages for a period of fifteen and one-half months. On May 19, 1989, the trial court determined that its damage award was inadequate, and denied the motion for a new trial, but granted the motion for additur. The trial court also awarded appellees delay damages. This timely appeal followed.

█ Initially, appellant argues that the trial court erred in granting appellees' motion for additur. Appellant contends that, although the damage award was nominal it was not so woefully inadequate as to require, in effect, a reinterpretation of the evidence, and such a substantial increase. The test for determining inadequacy of a verdict is "whether the award when scrutinized under the law and indisputable facts of the case at hand is so inadequate that it should not be permitted to stand...." *Cf. Hill v. Commonwealth Bureau of Corrections*, 124 Pa.Commw. 172, 177, 555 A.2d 1362, 1368 (1989). "[E]ach case must be examined in light of its unique facts," and "an award need not be zero or nominal or a trivialization of the plaintiff's injury in order to be inadequate." *Id.* With these standards in mind, we have carefully reviewed the record, and

we cannot conclude that the Honorable Calvin T. Wilson erred in finding that the verdict was inadequate. Moreover, in his October 27, 1989 opinion, Judge Wilson, who sat as fact-finder, carefully explained his reasons for concluding that he had erred in initially assessing damages, and that his previous award was based upon an erroneous interpretation of the facts. Accordingly, we find this reasoning persuasive and hold that the court did not err in finding that the verdict was inadequate.

▪ Next we must determine whether the court's remedy in granting an additur was correct. Although courts generally have granted a new trial when the verdict award is inadequate, *see Butler v. Flo–Ron Vending Co.*, 383 Pa.Super. 633, 557 A.2d 730, 737 (1989), *alloc. denied*, 523 Pa. 646, 567 A.2d 650 (1990), courts have the inherent authority to enter any appropriate order. *See* Pa.R.Civ.P. 227.1(a)(1) & (4), (5) (trial court has inherent authority to (1) order a new trial as to all or any of the issues; or ... (4) affirm, modify or change the decision or decree nisi; or (5) enter any other appropriate order). Furthermore, absent a clear abuse of discretion or an error of law which controlled the outcome of the case, we will not disturb a trial court's decision in this regard. *Butler v. Fol–Ron Vending Co.*, *supra; see also Bortner v. Gladfelter*, 302 Pa.Super. 492, 496–97, 448 A.2d 1386, 1388–89 (1982).

Here, the court determined that there was no need for a new trial and instead granted appellee's alternate motion for an additur. Although the court did not articulate the reasons for granting an additur rather than a new trial, after reviewing the record it is clear that the court did not abuse its discretion in this regard. As we have noted above, the case was tried without a jury, and the parties stipulated to the facts concerning both liability and medical expenses. In such an instance, when there is no dispute regarding the facts, and the court as fact-finder, clearly articulates its reasons for its initial erroneous assessment of damages, it would be pointless to require a new trial. Indeed, in such an instance, a new trial could not result in a

different outcome. Accordingly, we cannot say that Judge Wilson abused his discretion in granting appellees' motion for additur.

Appellant's remaining contention, concerning the award of delay damages, is two-fold. First, appellant argues that delay damages were improperly awarded because he was not at fault for the delay, thus, he should not be penalized for it. The trial court properly noted that where a defendant fails to make an adequate settlement offer and plaintiff does not cause the delay, the defendant is liable for delay damages. *See* Trial Court Opinion at 8, (citing *King v. Southeastern Pennsylvania Transp. Auth.*, 383 Pa.Super. 420, 557 A.2d 11 (1989)). Moreover, the court adequately explained its reasons for imposing delay damages. Accordingly, for the reasons stated in the lower court opinion, we affirm the disposition of this issue. *See* Trial Court Opinion at 7–9. Appellant next argues that the imposition of delay damages under new Rule 238 is unconstitutional because it imposes fault on a defendant for defending his case. This Court has found similar challenges to the constitutionality of Rule 238 to be meritless. *See Dietrich v. J.I. Case Co.*, 390 Pa.Super. 475, 568 A.2d 1272 (1990) (Rule 238 not patently unconstitutional); *see also Shellhamer v. Grey*, 390 Pa.Super. 122, 568 A.2d 224 (1989) (Rule 238 not unconstitutional on equal protection and due process grounds). Moreover, we have noted that because Rule 238 was promulgated by our Supreme Court, it would be inappropriate for this Court to hold it unconstitutional. Thus, any determination regarding the constitutionality of the Rule can only emanate from the Supreme Court. *Dietrich v. J.I. Case Co., supra.*

Accordingly, for the foregoing reasons, we affirm the judgment below.

Judgment affirmed.