597 A.2d 631

Amber Dawn BROCKLEHURST, a Minor by David BROCKLE-
HURST, Her Father and Natural Guardian and David Brock-
lehurst and Karen Brocklehurst, Husband and Wife, Appel-
lees,

v.

David Thomas WATSON and Cheryl A. Watson

v.

David BROCKLEHURST and Karen Brocklehurst,
Husband and Wife, Appellees.

Appeal of David Thomas WATSON and Cheryl A. Watson.

Superior Court of Pennsylvania.

Submitted March 18, 1991.

Filed Sept. 5, 1991.

Reargument Denied Nov. 4, 1991.

William J. Madden, Sharon, for appellants.

Robert G. Yeatts, Hermitage, for appellee Amber Dawn Brocklehurst.

Anna B. Jones, Mercer, for appellee David Brocklehurst.

Before DEL SOLE, TAMILIA and HUDOCK, JJ.

HUDOCK, Judge:

Following a verdict in their favor, Appellees filed a motion for delay damages under Pa.R.C.P., Rule 238, 42 Pa. C.S.A. Appellants objected to the award of delay damages because the motion was not timely filed. The trial court considered the motion on the merits and awarded delay damages of $6,998.82.

Initially we must determine whether the trial court erred by considering the untimely filed motion for delay damages. Rule 238(c) reads in its entirety:

Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation.

(1) Within ten days after the motion is filed, the defendant may answer specifying the grounds for opposing the plaintiff's motion. The averments of the answer shall be deemed denied. If an issue of fact is

raised, the court may, in its discretion, hold a hearing before entering an appropriate order.

(2) If the defendant does not oppose the motion, the court shall add the damages for delay to the verdict or decision.

(3)(i) If a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is opposed, a judgment may not be entered until all motions filed under Rule 227.1 and this rule have been decided.

(ii) If no motion for post-trial relief is filed within the ten-day period under Rule 227.1 but the defendant opposed the motion for delay damages, the plaintiff may enter judgment on the verdict or decision. Thereafter, upon deciding the motion for damages for delay, the court shall enter judgment for the amount of the delay damages, if any.

Appellees' motion for delay damages was filed eighteen (18) days after the verdict instead of within ten (10) days of the verdict as specified by the rule. Appellees' counsel mistakenly believed that Rule 238 ended with subdivision (b)(2) and due to inadvertence she failed to timely file the motion.

The trial court concluded that the time limits required under Rule 238 should be treated like other time restrictions in the rules of civil procedure. The trial court cited *Wittig v. Carlacci*, 370 Pa.Super. 584, 537 A.2d 29 (1988), to support its decision. We note that *Wittig* dealt with post-trial motions filed under Rule 227.1.

In *Commonwealth v. Sheaff*, 365 Pa.Super. 613, 530 A.2d 480 (1987), we held that an issue raised in an untimely supplemental post-trial motion filed without leave of court was not preserved on appeal despite the fact that the trial court had addressed the issue on its merits. However, a petition for allocatur in *Sheaff* was granted, 518 Pa. 655, 544 A.2d 1342 (1988), and resulted in a *per curiam* order from the Supreme Court which reversed our holding. Accordingly, in *Commonwealth v. Hewett*, 380 Pa.Super. 334, 551 A.2d 1080 (1988), we determined that an issue was not

waived for failure to secure formal allowance of supplemental post-verdict motions *nunc pro tunc* where the court below nevertheless chose to entertain the claim. In our recent *en banc* decision of *Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10 (1991), we discussed at length the purpose of Rule 227.1 and re-affirmed our holding that untimely filed *post-trial* motions which are addressed on the merits by the trial court will be preserved for appellate review. *See also Commonwealth v. Sopota,* 403 Pa.Super. 1, 587 A.2d 805 (1991) (*en banc*) (similar holding and rationale applicable to Rule 1123(a) of the Rules of Criminal Procedure regarding the filing of post-verdict motions). We decline to extend *Millard* any further. To do so will further erode the time limits of the rules of civil procedure to the point where they will soon become meaningless, and uniformity of application will be lost.

The original purpose of Rule 238, as set forth in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), appeal dismissed, *sub. nom., Bucheit v. Laudenberger,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982), was (1) to alleviate delay in the courts and (2) to encourage defendants to settle meritorious claims as soon as reasonably possible. (*See also* 1988 Comment to Pa. R.C.P., Rule 238, 42 Pa.C.S.A.) We find a distinction between the purposes of this Rule and the purposes of post-trial proceedings in general, and accordingly treat such motions differently when filed out of time. Post-trial proceedings are designed to correct prejudicial errors occurring during the litigation. Indeed the treatment of post-trial motions by Rule 238(c)(3) bears out this distinction. Rule 238 is intended to prod insurance carriers into settling cases so as not to clog the courts' dockets, as well as to not unreasonably withhold payments to deserving claimants. While we are more liberal in treating untimely motions which question the integrity of the trial process or claim violation of constitutional rights, we see no need for such liberality when the aim is solely to punish one of the litigants for delay.

We find the reason given by counsel for not filing the motion in a timely manner, that is, her inadvertence because she only read half the Rule and overlooked the part pertaining to the ten-day time limit, to be an insufficient reason for the trial court to overlook her late filing. The court's acceptance of that reason amounted to an abuse of discretion requiring reversal.

Judgment reversed. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

Respectfully, I dissent and would affirm the trial court's finding that the motion for delay damages was not barred as being untimely filed and uphold the award of delay damages in the amount of $6,998.82.

I first consider whether the trial court erred by considering the untimely filed motion for delay damages. Relying on *Wittig v. Carlacci*, 370 Pa.Super. 584, 537 A.2d 29 (1988), the trial court concluded that the time limits placed on filing a motion for delay damages should be handled as are time restrictions in other procedural rules. In *Wittig, supra*, post-trial motions pursuant to Pa.R.C.P. 227.1 were filed eighteen days after the trial court's decision. Nevertheless, the trial court ruled that the motions were timely and reached the merits. We opined that the post-trial motions were timely since the Prothonotary's docket failed to disclose that notice of the filing of the court's adjudication was sent to appellants or their attorney. We concluded that the trial court has very broad discretion to consider untimely procedural motions, and since appellees never objected to or alleged any prejudice because of the date on which post-trial motions were filed, the trial court could reach the merits of the motions.

Appellants argue that *Wittig, supra* and the other cases cited by the trial court are distinguishable from the case *sub judice* because those cases only permit untimely filed motions where the docket of the prothonotary failed to

disclose that notice of the filing of the trial court's decision was sent to appellants or their attorney. See *Plato v. Pittsburgh,* 71 Pa.Cmwlth. 463, 454 A.2d 1196 (1983) (Appeal would not be dismissed where appellant failed to file exceptions within ten day period since the prothonotary's docket did not reveal the date that notice for filing of the chancellor's decision was sent to the parties or their attorneys); *Brodsky v. Philadelphia Athletic Club,* 277 Pa.Super. 549, 419 A.2d 1285 (1980), (Trial Court abused its discretion by refusing the filing of exceptions nunc pro tunc where the failure to file timely exceptions was attributable to mistake of counsel and prothonotary's docket did not disclose that notice of filing of chancellor's adjudication was sent to appellant's or their attorney). Appellant believes that the trial court's ability to consider untimely filed motions should only apply where the parties or their attorneys did not receive notice of the filing of the trial court's decision. I disagree.

Recently, we decided *en banc Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10 (1991), which involved the issue of whether this court must consider issues contained in untimely filed supplemental post-trial motions which the trial court chose to address. In that case, the original post-trial motions were timely filed, but supplemental motions were not filed until several months after the verdict. The appellees objected to the untimely motions but failed to demonstrate any prejudice. The trial court decided the issues on their merits.

Based upon the Supreme Court decisions in *Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804 (1989) and *Commonwealth v. Sheaff,* 518 Pa. 655, 544 A.2d 1342 (1988), we concluded that the trial court properly considered the motions where there were no specific allegations of prejudice, and the trial court already had the original, timely filed post-trial motions before it; as such, this court would consider, preserved for appellate review, these issues raised in the untimely filed motions. Pa.R.C.P. 126, which was utilized to support our analysis on this issue, provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

The following reasoning setforth in *Millard v. Nagle* should also apply in the present case:

> ... it is appropriate to conclude that whenever original and/or post-trial motions are filed at a time where the trial court has jurisdiction over the matter but outside the ten day requirement of 227.1, the trial court's decision to consider these motions should not be subject to review by this court unless the opposing party has set forth an objection setting forth specific facts to demonstrate prejudice. If no objection is raised by the opposing party and the trial court rules on the merits of the issues contained in untimely filed motions, the trial court's action will be considered an implicit grant of leave to the filing of the motions. This decision should not be subject to review by this court, and we should go on to consider the issues contained in these motions on their merits, as did the trial court.

*Millard v. Nagle,* 402 Pa.Superior Ct. at 381, 587 A.2d at 12.

Furthermore, if an objection to the timeliness of a post-trial motion is filed asserting facts that demonstrate prejudice, the trial court should be required to explain its reasons for deciding to hear the motions on their merits. *Millard v. Nagle, supra.* This Court will then be able to ascertain whether the trial court has committed an abuse of discretion.

Rule 238 for delay damages specifies that the motion is to be filed within ten days of the verdict similar to the time requirement set forth in Rule 227.1 for post-trial relief. In this respect, Rule 238 is a procedural rule much like Rule 227.1 and it is quite appropriate to apply the rationale set forth in *Millard v. Nagle* for post-trial relief to Rule 238 for delay damages. Instantly, Appellants objected to the trial

court's considering the motion for delay damages because it was filed eighteen days after the verdict. However, Appellants did not assert any prejudice to them by the late filing. Therefore, the trial court did not abuse its discretion in deciding the motion on its merits.

Furthermore, as I have decided that the trial court properly considered the motion for delay damages, I would find it necessary to determine whether delay damages were properly calculated. Appellants argue that delay damages should not accrue during the period that Appellees sought separate counsel as additional defendants, since the Appellees were brought in as additional defendants over two years prior to the originally scheduled date of trial and Appellants were prepared for trial on that date. They claim that the period of delay from September 1989 to May 1990 was attributable to the Appellees. As noted by the trial court, Rule 238 only excludes delay damages in two instances:

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity, and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial.
42 Pa.R.C.P. 238.

The Appellees filed the complaint in this case on November 18, 1986. Under Rule 238(2)(i), if the action was com-

menced before August 1, 1989, delay damages will be awarded for the period of time from the date the plaintiff originally filed the complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision. 42 Pa.R.C.P. 238(a)(2)(i). The complaint was filed more than one year after the accrual of the cause of action. The period from November 18, 1989 until May 24, 1990, when the jury returned the verdict, is the total period to consider for delay damages without excluding any period of time.

The primary purpose of Rule 238 is to alleviate delay in the resolution of cases and lessen congestion in courts. *Jistarri v. Fentress*, 390 Pa.Super. 209, 568 A.2d 618 (1989). Rule 238 does not permit exclusion from the calculation of delay damage for periods of delay for which no party is responsible as a result of extraneous administrative concerns. *Tindal v. S.E. PA. Transportation Authority*, 385 Pa.Super. 94, 560 A.2d 183 (1989). "A written offer of settlement is a sine qua non to the tolling of the delay damage period." *Id.* 560 A.2d at 187. It is also noted in the comment to Rule 238 that "not every procedural delay is relevant to the issue of delay damages, but only such occurrences as actually cause delay of the trial." For this reason, the trial court is only to deduct time periods where delay is attributable to the party seeking Rule 238 damages. *Tindal, supra.* The defendant will be liable for delay damages where the delay cannot be imputed to plaintiff and defendant fails to make an adequate settlement offer. *Schrock v. Albert Einstein Medical Center*, 527 Pa. 191, 589 A.2d 1103, (1991), *Fiorenza v. Kohn*, 396 Pa.Super. 1, 577 A.2d 1384 (1990).

In the present case, Appellants never made any offer to settle the case with the Appellees. The minor plaintiff was not the cause of any delay from September 1989 until May 1990. Appellants allege that her parents caused the delay because they failed to immediately obtain separate counsel to represent them when they were joined by Appellants as additional defendants. However, I find that the minor

plaintiff should not suffer any penalty due to her parents not having counsel. I agree with the trial court that Appellants should not benefit from these circumstances. Any delay occasioned by additional defendants in bringing a matter to trial should not effect the right of a party to recover delay damages. I therefore conclude that the trial court did not err or abuse its discretion by deciding that the Appellees were not responsible for any delay and that the Appellants are liable for delay damages pursuant to Rule 238.

Accordingly, I dissent.