563 A.2d 168

Ted BABICH, Appellant,

v.

PITTSBURGH & NEW ENGLAND TRUCKING CO., a Corporation; Indiana Refrigerator Lines, a Corporation; William Marion Gray, an Individual, and Turner Gray, an Individual.

Ted BABICH

v.

PITTSBURGH & NEW ENGLAND TRUCKING CO., a Corporation Indiana Refrigerator Lines, a Corporation; William Marion Gray; an Individual, and Turner Gray, an Individual.

Appeal of INDIANA REFRIGERATOR LINES, a Corporation.

Superior Court of Pennsylvania.

Submitted Feb. 28, 1989.

Filed Aug. 23, 1989.

John W. Murtagh, Wexford, for Babich, appellant (at 821) and appellee (at 935).

Robert B. Truel, Pittsburgh, for Indiana Refrigerator, appellant (at 935) and appellee (at 821).

David H. Patterson, Pittsburgh, for Pittsburgh & New England Trucking, appellee (at 821 and 935).

Before CIRILLO, President Judge, and BROSKY and TAMILIA, JJ.

TAMILIA, Judge:

These are cross-appeals by plaintiff Ted Babich at No. 00821 Pittsburgh, 1988, and defendant Indiana Refrigerator Lines, a corporation, at No. 00935 Pittsburgh, 1988, of a judgment in the amount of $45,933 entered upon a jury verdict in favor of Babich and against Indiana Refrigerator and co-defendant/appellee Pittsburgh & New England Trucking Company (hereinafter "P & NE").

Babich commenced this action on July 1, 1980 to recover damages sustained on March 23, 1979 when a tractor-trailer lost its brakes and careened down a steep graded street, eventually slamming into an old framed house at the bottom of the hill. Babich owned the building and used it as his principle place of business. The tractor-trailer was operated by defendant William Marion Gray. The tractor was owned by defendant Turner Gray and the trailer was owned by Indiana Refrigerator. The rig had been trip leased at the time of the accident by P & NE. The case went to trial before a jury on March 12, 1987, and the resulting verdict exonerated William and Turner Gray from liability, but found in favor of Babich and against Indiana Refrigerator and P & NE in the amount of $45,933. Babich's subsequent motion for delay damages in the amount of $32,065.13, pursuant to Pa.R.C.P. 238, was denied by the trial court, as was his motion for new trial limited to damages. The court also denied Indiana Refrigerator's motion for Judgment notwithstanding the verdict. After entry of judgment the instant cross-appeals were timely filed.

Babich seeks a new trial as to damages alone, on the basis that the verdict was inadequate in relation to the loss he suffered. In support of this contention he claims the trial court erred in excluding testimony and an exhibit relating to the replacement cost of the building and in refusing to admit evidence concerning the consequential damages suffered by Babich in the form of lost revenues and rental costs incurred for substitute space. In connection with these claims Babich contends the court erred in refusing to give all parts of a requested point for charge

dealing with the damages recoverable for property negligently damaged in Pennsylvania. Specifically, appellant argues it was error to exclude the following portion:

When, under the facts and circumstances of an individual case, value of a property "as measured in the market place is wanting or the application of market place values is unlikely to compensate the injured party for the loss suffered" the measure of damages "must be the reasonable cost of replacement by a similar structure consistent with current standards of design." Anything less would not compensate the owner for the actual loss.

Lastly, appellant claims the trial court erred in refusing to award Rule 238 delay damages because no written offer of settlement was ever made.

■ The scope of appellate review of a request for new trial on damages was set forth in *Stokan v. Turnbull,* 480 Pa. 71, 75, 389 A.2d 90, 92 (1978):

The grant or refusal of a new trial because of an excessive or inadequate verdict is a matter for the sound discretion of the trial court and will be sustained by an appellate court in the absence of a clear abuse of discretion or an error of law which controlled the verdict or the outcome of the case.

*See Baird v. Dun & Bradstreet,* 446 Pa. 266, 285 A.2d 166 (1971); *Krivijanski v. Union Railroad Company,* 357 Pa. Super. 196, 515 A.2d 933 (1986). For the following reasons we find no abuse of discretion in the trial court's refusal to grant a new trial as to damages nor error of law justifying reversal.

■ The purpose of damages for injury or destruction of property by tortious conduct of another is to compensate the injured owner for the actual loss suffered. *Daughen v. Fox,* 372 Pa.Super. 405, 539 A.2d 858 (1988). "It is well-settled law in this Commonwealth that the measure of damages for injury to property is the cost of repairs where that injury is repairable; however, where the injury is characterized as permanent, the measure of damages becomes the decrease in the fair market value of the property." *Wade*

*v. S.J. Groves & Sons Company,* 283 Pa.Super. 464, 483, 424 A.2d 902, 911 (1981) (citations omitted); *see e.g. Miller v. C.P. Centers, Inc.,* 334 Pa.Super. 623, 483 A.2d 912 (1984). Babich acknowledges this statement of the law in his brief.

■ Because Babich and his experts all admitted the building had been destroyed, making the nature of the damage sustained permanent, and admitted the building would need to be rebuilt or replaced, we find no merit to his claims that it was error to refuse to admit evidence as to the replacement cost of the building and evidence of consequential damages suffered by his business' forced relocation. The proffered evidence was only relevant to replacement cost and additional compensation over and above the actual damage suffered, not the market value of the property prior to the incident. Such loss is not compensable when the damage is permanent. We find no error of law or abuse of discretion by the trial court in excluding the evidence. Babich himself testified to the value of his property, placing the value between $80,000 and $90,000. It was the function of the jury to weigh this evidence and we find no merit to a general claim that the verdict was inadequate.

Similarly, we find no error in the trial judge's refusal to give the above stated portion of the requested jury charge. Repair and replacement costs are irrelevant when the damage is permanent, only the reduction in market value can be considered. After review of the charge given, we find it in compliance with Pennsylvania Suggested Standard Civil Jury Instructions, section 6.01J.

■ Next, we must address Babich's claim that delay damages were improperly denied below. The Supreme Court of Pennsylvania suspended the mandatory provisions of Pa.R.C.P. 238 [1] in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 66, 515 A.2d 1350, 1353 (1986), and provided an interim procedure until a new rule could be

---

1. Adopted November 20, 1978, effective 120 days after December 16, 1978. Amended December 16, 1983, effective July 1, 1984.

promulgated. In determining that delay damages were not properly assessible, the trial court applied the following rule enunciated in *Craig* :

In making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

*Id.*, 512 Pa. at 66, 515 A.2d at 1353 (footnote omitted); *see e.g. Kuchak v. Lancaster General Hospital*, 377 Pa.Super. 288, 547 A.2d 372 (1988). As the trial court indicates, the chief reasons for delay in this case cannot be attributed to defendants. Indiana Refrigerator filed a Chapter 11 bankruptcy in federal court six months after Babich's complaint was filed and Babich did not successfully obtain relief from the automatic stay until approximately two years and four months later despite cooperation from counsel for the bankruptcy and counsel for the insurance company. The other primary delay in the case was Babich's failure to place the case at issue in a speedy fashion. (Slip Op., Weir, J., 5/5/88, p. 1.) Babich fails to point to any delay attributable to defendants and we find none upon review of the record.

Although it was subsequent to the trial court's denial of delay damages that the Supreme Court rescinded Rule 238 on November 7, 1988 and promulgated a new Rule 238 in its place, we find even under the new rule the trial court properly did not assess delay damages. Like the circumstances in *DeLuca v. Smaller*, 385 Pa.Super. 546, 561 A.2d 810 (1989),

There is nothing in the new rule, however, to suggest error in the determination made by the trial court in this case. Both *Craig* and the amended Rule 238 disallow recovery of delay damages where it is the plaintiff who has caused the delay. Thus, the new Rule 238 does not

require that appellant's request receive more favorable treatment than it received under *Craig.*

*Id.,* 385 Pa.Superior Ct. at ——, 561 A.2d at 812.

■ Additionally, we disagree with Babich's contention that an evidentiary hearing on the petition for delay damages was required. Both *Craig* and new Rule 238 leave such a hearing up to the trial court's discretion by stating "a judge *may* hold a hearing to resolve factual disputes." *Craig,* 512 Pa. at 65, 515 A.2d at 1353 (emphasis added); Pa.R.C.P. 238(c)(1). We also note appellant Babich's petition for delay damages did not request a hearing nor does his brief allege he orally requested one.

Accordingly, with respect to Babich's appeal at No. 00821 Pittsburgh, 1988, we affirm.

■ At No. 00935 Pittsburgh, 1988, Indiana Refrigerator claims the trial court erred in denying its motion for judgment notwithstanding the verdict. As we stated in *Rocker v. Harvey Company,* 370 Pa.Super. 32, 36, 535 A.2d 1136, 1138 (1988):

> The standard of review of an appellate court when considering an order granting or denying judgment n.o.v. is the same as that used by the trial court: we must determine whether there was sufficient competent evidence to sustain the verdict, granting the verdict winner the benefit of every reasonable inference that can be reasonably drawn from the evidence and rejecting all unfavorable testimony and inferences. Judgment n.o.v. is appropriate only in a clear case where the facts are such that no two reasonable minds could fail to agree that, as a matter of law, the party has failed to make out his case.

Indiana Refrigerator's negligence was not solely dependent on the negligence of its agent, William Gray, who was exonerated by the jury. Instead, the question of whether a failure in the brakes of not only the tractor but also the trailer it owned was presented to the jury. We do not find it unreasonable for the jury to have concluded that the

tractor's brake failure may have caused the accident. Therefore, we affirm the trial court's denial of Indiana Refrigerator's motion for judgment n.o.v.

Additionally, due to our previous refusal to grant a new trial as to damages, we need not address Indiana Refrigerator's alternative request to have a trial on liability.

Accordingly, with respect to Babich's appeal at No. 00821 Pittsburgh, 1988, judgment affirmed, and with respect to Indiana Refrigerator's cross-appeal at No. 00935 Pittsburgh, 1988, judgment affirmed.

BROSKY, J., concurs.

BROSKY, Judge, concurring.

I join in majority's disposition of both Babich's claim for a new trial on damages and the contentions of cross-appellant, Indiana Refrigerator Lines.

I also agree that the trial court properly disallowed Babich's Petition for delay damages. Although Indiana had tendered no written offer of settlement, the trial court found that Babich had caused the delay of the trial by erroneously and belatedly seeking relief from the stay imposed after Indiana had declared bankruptcy. The trial court also concluded that Babich had further impeded the progress of the litigation towards trial when he delayed placing the case at issue. The trial court makes this analysis based upon its interpretation of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986).

I note that the same result would obtain under new Pa.R.C.P. 238, promulgated on November 7, 1988. The new Rule provides that calculation of delay damages shall be for the period of time after which a defendant has made a written offer of settlement that exceeds the ultimate verdict by more than one hundred twenty-five percent or during which plaintiff caused the delay of the trial. Pa.R.C.P. 238(b)(1), (2). Here, Indiana failed to make a written offer of settlement, but the trial court found, quite properly, that the responsibility for delay damages had been mitigated by

Babich's conduct in impeding the progress of the case towards trial.

Moreover, the majority correctly concludes that an evidentiary hearing on Babich's Petition for delay damages is not mandatory either under *Craig* or under new Pa.R.C.P. 238(c)(1). The new Rule leaves to the court's discretion the holding of a hearing on the Petition.