OLSZEWSKI, Judge,
concurring.
I agree with the majority’s ruling affirming each of the trial court’s orders. I write separately to further address appellant’s contention that the trial court’s failure to instruct the jury on a de minimis contact — relating to the law of substantial contributing factor — requires a new trial.
Under the circumstances of this case, as the majority explains, the trial court’s refusal to give appellant’s requested charge was not an error of law which could have been responsible for the verdict. Therefore, appellant’s motion for a new trial was properly denied. Smith v. Brooks, 394 Pa.Super. 327, 575 A.2d 926 (1990). Nevertheless, to remain faithful to the law of substantial contributing factor and to ensure that juries understand exactly what it involves, in future cases, where a defendant manufacturer presents evidence that a plaintiff’s exposure to its product was so minimal that it could not have caused or could not have combined with other defective products to have caused that plaintiff’s injuries, I am prepared to hold that a de minimis instruction, if requested, should be given.
As the majority opinion points out, for liability to attach in a products liability action, a plaintiff must establish that his or her injuries were caused by a particular product of a defendant manufacturer. Eckenrod v. GAF Corp., 375 Pa.Super. 187, 190-91, 544 A.2d 50, 52 (1988). To prove *108 that a particular product caused a harmful result, it must be shown that the defendant manufacturer’s defective product was a substantial factor in producing plaintiff’s injuries. Sheehan v. Cincinnati Shaper Co., 382 Pa.Super. 579, 555 A.2d 1352 (1989), appeal denied, 523 Pa. 633, 564 A.2d 1261. If the defective product is not a substantial factor in producing plaintiff’s injuries, then that product is not the legal or proximate cause of those injuries and liability will not lie. Cf. Whitner v. Lojeski, 437 Pa. 448, 263 A.2d 889 (1970).
Relying on the above principles, appellant requested that the jury be charged as follows:
If you are not satisfied, more probably than not, the plaintiff had nothing more than a purely incidental contact with the asbestos product of a particular defendant, then the absence of a warning on the defendant’s product could not have been a substantial factor in bringing about plaintiff’s injury, and hence that defendant could not be liable to that plaintiff.
(R. 132a.) Appellant was not entitled to have this instruction given since it misstates the law. Minimal, or incidental, contact is a substantial contributing factor in causing a harmful result if that contact produced or substantially contributed to producing such a result. Consequently, proving that exposure to a particular defendant’s product may have been minimal does not necessarily lead to the conclusion that it could not have been a substantial contributing factor to plaintiff’s injuries.
A defective product substantially contributes to a plaintiff’s injuries if it is sufficient to cause them or when combined with other contributing factors is sufficient to cause them, even though each alone would have been insufficient. A defendant will not be permitted to avoid responsibility for the injurious consequences of its defective product merely because a defective product of another would have independently caused the same result. The law on this type of substantial contributing factor is aptly set out in the Pennsylvania Suggested Standard Jury Instructions:
*109 When negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of these persons is fully responsible for the harm suffered by the plaintiff regardless of the relative extent to which each contributed to the harm. A cause is concurrent if it was operative at the moment of the incident, and acted with another cause as a substantial contributive factor in bringing about the harm.
Pa. SSJI Civ. 3.26 Concurring Causes (Subcommittee Draft 1978). While this section applies to the negligent conduct of two or more persons, its reasoning applies just as forcibly to the defective products of two or more manufacturers.
Conversely, if a defendant introduces competent evidence that exposure to its product was so minimal, incidental, insignificant, or insubstantial that it could not have produced or substantially contributed to having produced plaintiffs injuries, then the jury should be instructed, when a defendant so requests, that, if they are persuaded by that evidence, then such exposure constitutes a de minimis contact which cannot be considered a substantial contributing factor. Such a charge would eliminate any possible uncertainty over when exposure to a defendant’s product was so minimal that it may not be found to have been a substantial contributing factor. A de minimis instruction, along the above lines, would reconcile the law of substantial contributing factor with the law of concurrent causes.
On the issue of delay damages and the constitutionality of Rule 238, we are, of course, duty bound to follow the dictates of our Supreme Court. The Court has recently reaffirmed the validity of revised Rule 238, allowing the imposition of delay damages upon a defendant despite a lack of fault. Schrock v. Albert Einstein Medical Center et al., 527 Pa. 191, 589 A.2d 1103 (1991).
For the preceding reasons, I respectfully concur.