## Long v. Hirst Estate

*Joseph F. Roda,* for plaintiffs.
*Christopher S. Underhill,* for defendants.

GEORGELIS, *J.,* April 9, 1992—Before us is the plaintiffs' motion requesting damages for delay. A hearing

on this motion was held on March 26, 1992, at which hearing counsel, agreeing on the facts relevant and material to the disposition of the motion, presented legal arguments on their respective positions. For the reasons stated below, the motion will be granted.

This lawsuit arises out of an automobile accident which occurred on August 31, 1985. The complaint was filed on October 11, 1985, and, on December 5, 1991, a jury returned a verdict in the amount of $1.7 million for Lynn Long, $150,000 for S. Kenneth Hertz and $50,000 for Lisa Hertz, all against Cathleen C. Opel, administratrix of the estate of Joseph E. Hirst (defendant).

The plaintiffs contend that they are entitled to delay damages from August 31, 1986, pursuant to Pa.R.C.P. 238(a)(2)(i), since their action was commenced before August 1, 1989, and since one year after the accrual of their cause of action is later than the filing of their complaint. Their motion sets forth the calculation, prescribed by Pa.R.C.P. 238 and its addendum, of the damages they seek, which total $925,847.94 for Lynn Long, $81,692.46 for S. Kenneth Hertz and $27,230.82 for Lisa Hertz. The defendant, in her answer to the motion, admits the accuracy of these calculations but denies that the plaintiffs are due these delay damages.

Pennsylvania Rule of Civil Procedure 238(b) provides two time periods for which delay damages may not be awarded. The first involves the amount and timing of a defendant's settlement offer; this period is not at issue in the motion before us. The second involves any period of time during which a plaintiff caused delay of the trial; this is the exclusion raised by the defendant in the motion before us. Specifically, the defendant contends that the time period from July 13, 1988, until November 9, 1990,

should be excluded from the calculation of the delay damages involved in this case.

This particular time period is relevant to a declaratory judgment action, which involved, inter alia, the parties before us now and which dealt with a number of insurance coverage questions concerning the liability arising out of the August 31, 1985, accident. All of the parties involved in the lawsuit in the motion before us agreed to await a final disposition in the declaratory judgment action before proceeding to trial. At the March 26th hearing on the herein motion, both counsel acknowledged this agreement, which had been accepted by the member of our court handling both of these cases at that time. July 13, 1988, is the date on which this court's decision in the declaratory judgment action was appealed to the Superior Court, and November 9, 1990, is the date on which the herein plaintiffs listed the herein lawsuit for trial.

Pennsylvania Rule of Civil Procedure 238(b)(2) allows the exclusion, from the period for which delay damages are to be calculated, of the period of time "during which the plaintiff caused delay of the trial." The defendant, conceding as we noted above the agreement to await the disposition of the declaratory judgment action, contends that this provision of the Rule does not require a plaintiff to be at fault in order to charge him with delay and asks us to exclude the noted 28-month period. Inherent in this argument, of course, is also the position that a faultless defendant should not be charged for delay in reaching trial.

In the alternative, the defendant asks us to create new law and hold that, where by necessity or by agreement of counsel a delay such as this occurs, it should not be charged to a defendant. The plaintiffs contend that any exclusion of time under Pa.R.C.P. 238(b)(2) requires fault

on the part of a plaintiff, and they refer us to *Tindal v. SEPTA,* 385 Pa. Super. 94, 560 A.2d 183 (1989), and *Schrock v. Albert Einstein Medical Center,* 527 Pa. 191, 589 A.2d 1103 (1991). They argue that, since the trial delay was not a result of their fault, they should not be prevented from collecting delay damages for the period in question.

As to the defendant's first argument that fault is not a consideration, we believe that *Schrock* is authority for the propositions that Pa.R.C.P. 238(b)(2) requires a plaintiff's fault for the exclusion of time caused by his delay and that a faultless defendant is not automatically relieved of a delay damages assessment. In *Schrock,* our Supreme Court adopted a portion of the trial court's discussion, which included the statement that:

"[T]he mere fact that a defendant is not at fault in causing the delay ... does not automatically relieve the defendant from being assessed delay damages.... In a situation in which the plaintiff is partially or totally at fault, the assessment of delay damages may very well not be warranted." *Id.* at 197, 589 A.2d at 1106.

Here, the agreement of the parties to delay trial certification, which agreement was accepted by our court, precludes our finding either the plaintiffs or the defendant at fault for the 28-month period in question. Accordingly, we adopt the holding in *Schrock* and hold that this time period is not excludable from the calculation for delay damages.

Even so holding, we will address the defendant's alternative argument, because we believe both *Schrock* and *Tindal* address the issue and preclude our creating the new law which the defendant seeks. The *Schrock* court's reference to, and its adoption of, the trial court's decision also included the following:

"[W]hen both parties are blameless it would be unreasonable and unjust to deny delay damages." *Id.* at 197, 589 A.2d at 1106.

In *Tindal,* our Superior Court held that Pa.R.C.P. 238 "does not permit the exclusion from the calculation of delay damages [of] periods of delay for which no party is responsible due to extraneous administration concerns." *Tindal v. SEPTA,* 385 Pa. Super. 94, 101, 560 A.2d 183, 187. The "extraneous administrative concerns" involved in *Tindal* were delays which resulted from a stay imposed by the trial court for the insolvency of an insurer.

The clear purpose of Pa.R.C.P. 238 and the clear meaning of the holdings of the appellate decisions construing it are that the Rule is to provide incentive for the settlement of cases and, where a defendant has failed to protect himself from the assessment of delay damages by failing to make a prompt and reasonable settlement offer, he will pay the consequence of enjoying the use of a plaintiff's funds during the period of recognized delay. We believe that accepting the defendant's alternative argument would thwart the purpose of the Rule and would be in clear contradiction of the holdings in *Schrock* and *Tindal.* We are not the proper tribunal to grant the defendant's request to create law in contradiction to these well-established principles. We cannot and we will not do so.

Accordingly, we enter the following

## ORDER

And now, April 9, 1992, for the reasons stated in the foregoing opinion, the plaintiffs' motion requesting damages for delay is granted, and the verdict is increased to $2,625,847.94 for Lynn Long, to $231,692.46 for S. Kenneth Hertz and to $77,230.82 for Lisa Hertz.