## Demler v. Rollo

*Catherine M. Mahady-Smith,* for plaintiff.
*Joseph A. Lach,* for defendants.

WALTER, *P.J.,* November 20, 1992—This case is one of first impression. We must decide whether pre-judgment interest, in the form of delay damages as provided under Pa.R.C.P. 238, applies to the period of time between a trial ending in a mistrial as the result of inadmissible testimony offered by a witness for the plaintiff as the first terminus and the jury verdict in the second trial as the second terminus.

The issue comes before the court on the motion for delay damages by Betty A. Demler, plaintiff. She was awarded $65,000 in compensatory damages on October 12, 1990, following a jury trial.[1] The jury found Daniel P. Rollo, M.D., and Women's Health Center of Lebanon,

---

1. This was the second jury trial in the case. A trial in July 1990 ended in a mistrial when plaintiff's expert witness inadvertently testified to a subject matter previously restricted by the court.

P.C., defendants, liable to plaintiff for damages as a result of their performing a hysterectomy on her without first obtaining her informed consent.

Plaintiff filed her motion for delay damages, in conformity with the requirements of Pa.R.C.P. 238, on October 16, 1990. Defendants' motions for post-trial relief pursuant to Pa.R.C.P. 227.1, filed on October 28, 1990, were denied by our order dated September 14, 1992.[2] Following entry of that order, plaintiff listed her motion for delay damages for argument and the parties submitted briefs. The matter is now ripe for disposition.

Plaintiff claims the amount of delay damages due is $20,855.25. Defendants asseverate plaintiff is entitled to delay damages of $19,113.57. Obviously, and the reason the matter is before us, the parties are at odds on the applicability of Pa.R.C.P. 238 to the time period between the first and second trials.

Plaintiff claims the proper period for calculating the award of delay damages is from September 28, 1987, the date of filing her complaint, through October 12, 1990, the date of the jury verdict. Defendants dispute the award of delay damages only during the period between the commencement of the first jury trial (which ended in a mistrial) and the conclusion of the second trial.[3]

Defendants allege the period between the first trial and the second trial constituted a delay caused by plaintiff. Therefore, consistent with the provisions of Pa.R.C.P. 238(b)(2), they are not liable for delay damages during

2. That order is currently on appeal by defendants. As the issue of delay damages for the contested period of time here has no relevancy to the issues on appeal, we have proceeded.

3. The first trial commenced and ended July 8, 1990; the second trial concluded October 12, 1990.

that period. Plaintiff denies the intervening period constituted a delay caused by plaintiff.

Before determining the correct amount of delay damages a brief review of the operation of the law in this Commonwealth regarding delay damages will be instructive. The award of prejudgment interest, characterized as delay damages, is governed by Pa.R.C.P. 238.

"At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damages, damages for delay shall be added to the amount of compensatory damages awarded against each defendant ... and shall become part of the verdict, decision or award." Pa.R.C.P. 238(a)(1).

The portions of Pa.R.C.P. 238 relevant to this matter, specifically subsections (a)(2) and (b), are:

"(a)(2) Damages for delay shall be awarded for the period of time:

"(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed the complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision;...

"(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any:...

"(2) during which plaintiff caused delay of trial."

The purpose of Pa.R.C.P. 238 in providing for the imposition of delay damages is not to punish a defendant but, rather, to alleviate court congestion by promoting earlier settlement of claims. *Schrock v. Albert Einstein Medical Center,* 527 Pa. 191, 589 A.2d 1103, 1106 (1991).

"Rule 238 ... provides incentive for the settlement of cases by awarding plaintiffs pre-judgment interest on a jury's verdict except for periods after which the defendant

has made a written settlement offer amounting to at least 80 percent of the verdict or for periods during which the plaintiff caused delay of the trial." *Id.*[4]

Defendants cite five cases as supporting their position that an award of delay damages is inapplicable to the period of time between the mistrial and the second trial.[5] We have reviewed those cases and find them inapposite to the question before us. Plaintiff has cited no authority to support her position. The court is, therefore, left to craft its decision by evaluating the facts of this case in accordance the enunciated purpose of Rule 238, i.e., not to punish defendants, but to alleviate court congestion by promoting early settlement. *Schrock, supra.*

The decision in this case turns on whether the utterance at trial by plaintiff's witness on a topic previously restricted by the court, which led to the mistrial, constitutes a delay of trial caused by plaintiff. If the delay was caused by plaintiff no delay damages can be awarded for the subject period. If the delay was not caused by plaintiff delay damages can be awarded.

---

4. *Schrock* was decided under the revised Pa.R.C.P. 238, which became effective November 7, 1988; our case is also decided under the revised Rule. The explanatory comment-1988 to the revised Rule 238 suggests the purposes of the rule, as originally set forth in *Laudensberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), survive and are included in the revision. Those purposes are: (1) to alleviate delay in the courts; and (2) to encourage defendants to settle meritorious claims as soon as reasonably possible.

5. *Sherrill v. Port Authority of Allegheny County,* 383 Pa. Super. 104, 556 A.2d 450 (1989); *Tindal v. SEPTA,* 385 Pa. Super. 94, 560 A.2d 183 (1989); *DeLuca v. Smaller,* 385 Pa. Super. 546, 561 A.2d 810 (1989); *Justarri v. Fentress,* 390 Pa. Super. 209, 568 A.2d 618 (1989), *alloc. denied,* 525 Pa. 634, 578 A.2d 929 (1990); *Babich v. Pittsburgh & New England Trucking Co.,* 386 Pa. Super. 482, 563 A.2d 168 (1989).

Relying on the premise cited earlier regarding the purpose of Rule 238, the court finds an award of delay damages for the period between the mistrial and the jury verdict in the second trial appropriate in this case.

We hold so for two reasons. First, defendants never made a written offer to settle plaintiff's claims either before the first trial or during the period between the mistrial and the second trial. Defendants had an opportunity, after discovery, to evaluate the merits of plaintiff's claims; their failure to even attempt to dispose of this matter outside the court is contrary to the spirit of Rule 238: encouraging parties to settle outside the court.

Second, defendants presented no evidence that plaintiff intentionally caused the mistrial or benefited in any manner by delaying the trial from July 1990 to October 1990. Without some indication plaintiff either intended to violate the court's ruling on admissibility of the issue which led to the mistrial, or that the delay precipitated by the mistrial in some manner benefited plaintiff, we find Rule 238(b)(2) does not apply.

Our interpretation of Pa.R.C.P. 238, as it applies to the period between a mistrial and a verdict in a second trial, is applicable only to the facts peculiar to this case. In future cases involving this same issue other facts, other dynamics may dictate a different result.

## ORDER OF COURT

And now, November 20, 1992, for the reasons set forth in the accompanying opinion, the motion for delay damages filed by Betty A. Demler is granted. Consistent with the provisions of Pennsylvania Rule of Civil Procedure 238, Daniel P. Rollo, M.D., and Women's Health Center of Lebanon, P.C., shall pay to Betty A. Demler $20,855.25 in delay damages in addition to $65,000 in compensatory damages awarded to her on October 12, 1990, by jury verdict.