NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2631
_____

ARCH INSURANCE COMPANY
As Subrogee of
FAIRFIELD TOWNSHIP
VOLUNTEER FIRE COMPANY NO. 1,

Appellant

v.

CAROL & DAVE'S ROADHOUSE, INC.;

v.

DEAN CALDWELL
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court No. 2:11-cv-00801
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2014

Before:  SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: May 20, 2014)

———————————————

OPINION

———————————————

SMITH, *Circuit Judge.*

Arch Insurance Company ("Arch") filed this subrogation action against Carol & Dave's Roadhouse, Inc. ("Carol & Dave's"), seeking to recover damages in the amount of insurance benefits that Arch paid to its insured, Fairfield Township Volunteer Fire Company No. 1 ("Fairfield"), after a fire destroyed a building on Fairfield's premises. Arch alleges the fire was caused by the negligent actions of Carol & Dave's employees, who were catering a wedding reception in Fairfield's fire hall. While attempting to light a stove in the fire hall's kitchen, Carol & Dave's employees opened the valve of a propane gas line that was uncapped and not connected to any kitchen appliance. On a subsequent attempt to light the stove, the escaping propane ignited, causing a fire which ultimately destroyed the building.

During the course of this litigation, Arch made a self-executing disclosure on March 27, 2011, listing its damages, including $563,158.28 (actual cash value ("ACV") of the building); $126,525.39 (personal property); and $3,825.00 (extra expense). On October 24, 2012, Arch filed a pretrial statement listing the replacement cost of the building ($1,309,268.03) as its measure of damages instead of the ACV.

Prior to trial, Carol & Dave's filed a motion in limine asking the Court to permit Arch to present evidence only as to the building's ACV as set out in the March 27, 2011 disclosure, and to not allow evidence as to the building's replacement cost. The District Court granted the motion on February 19, 2013, concluding that, under *Babich v. Pittsburgh & New England Trucking Co.*, 563 A.2d 168 (Pa. Super. Ct. 1989) and other Pennsylvania authorities, the proper measure of damages for a destroyed building is the decrease in fair market value ("FMV") of the property. The Court rejected Arch's argument that this case fell within the exception recognized in *Pennsylvania Department of Transportation v. Estate of Crea*, 483 A.2d 996, 1001 (Pa. Commw. Ct. 1997) (allowing plaintiff to use replacement cost for collapsed bridge because there was no "value in the market place" for a public bridge that is a component part of a highway system).

Jury selection was originally scheduled for March 11, 2013, but was postponed after the District Court learned that significant unresolved issues remained as to the measure of damages and the evidence which could be produced to establish those damages. Arch contended it should be permitted to introduce evidence as to the repair cost of the building and argued that the burden of proof would then shift to Carol & Dave's to show that the FMV was less than the cost of repairs. Alternatively, Arch argued it should be allowed to present the testimony of Fire Chief Kevin Stiffler ("Stiffler") to establish the FMV of the building.

Carol & Dave's responded to Arch's arguments and also moved for partial summary judgment on the damages issue, arguing that Arch had failed to produce any evidence that would be admissible for the purpose of establishing the building's FMV. On April 16, 2013, the District Court issued an order consistent with its February 19, 2013 decision, and held that Arch would be limited to recovery of the reduction in FMV of the destroyed building. The Court rejected Arch's "novel burden-shifting theory," noting that Arch "has the burden to prove its damages." The Court further held that Stiffler would be able to testify as to the building's FMV only "if Arch is able to lay a proper foundation as to his knowledge of the real value of real estate in the vicinity[] and his particular knowledge of the value of the Fairfield building before and after the fire." The Court then instructed Arch to file a "proffer of Fire Chief Stiffler's qualifications to testify as to FMV."

Arch filed the requested proffer on April 26, 2013. Arch claimed that Stiffler would testify that the replacement cost of the structure was $1,309,268.03, and that this amount should be reduced by 50 percent for depreciation, resulting in a FMV of $654,634.01. In addition to the fact that this proposed calculation began with the building's replacement cost, which the District Court had previously rejected as a basis for damages, the proffer did not demonstrate that Stiffler possessed any knowledge of real estate in the area, nor did it explain how he was qualified to assign a percentage of depreciation.

4

In view of these deficiencies, on May 7, 2013, the District Court issued an order stating that "Stiffler will not be permitted to testify as to the FMV of the Fairfield Fire Company building." Because Arch had not presented any other evidence establishing the FMV of the building, the District Court granted partial summary judgment in favor of Carol & Dave's on the claim for damages to the building. The case then proceeded to trial and the jury found Carol & Dave's to be 55% negligent for the fire. The jury awarded damages only for personal property and extra expenses in amounts that were stipulated to by the parties before trial. Arch timely appealed.[1]

We find no error in the District Court's refusal to allow Fire Chief Stiffler to testify regarding the FMV of the destroyed property. Under Pennsylvania law, three types of witnesses may testify as to the market value of damaged property: (1) the owner of the property, (2) expert witnesses, or (3) persons with knowledge and experience qualifying them to form a reasonably intelligent judgment as to value. *Westinghouse Air Brake Co. v. City of Pittsburgh*, 176 A. 13, 15 (Pa. 1934). Arch asks us to treat Stiffler as an "owner" of the Fairfield building, which would lower the burden for admissibility because owners may testify as to a property's

---

[1]    The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's evidentiary rulings for abuse of discretion, *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 80 (3d Cir. 2009), including its admissions or exclusions of evidence, *United States v. Versaint*, 849 F.2d 827, 831 (3d Cir. 1988), and admissions of lay opinion testimony, *United States v. Stadtmauer*, 620 F.3d 238, 260 (3d Cir. 2010). Our review of the District Court's interpretation and application of Pennsylvania law is plenary. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 239 (1991).

5

value despite not "possess[ing] all the qualifications that would be required of others who testify as to value." *Id.* But Stiffler is not the building's owner, and we see no reason to treat him as such. Arch has not identified any authority establishing that Stiffler's qualifications should be evaluated under the more lenient standard applied to individuals with an ownership interest. The District Court did not abuse its discretion by requiring Arch to demonstrate that Stiffler possessed the requisite qualifications before allowing him to testify regarding the building's FMV. Because Arch failed to lay the proper foundation, the District Court acted properly in excluding Stiffler's testimony.[2]

Further, the District Court did not err by limiting Arch's recovery to the FMV of the building instead of its replacement cost. Pennsylvania law is clear that "the measure of damages for injury to property is the cost of repairs where that injury is repairable; however, where the injury is characterized as permanent [as when a building is completely destroyed], the measure of damages becomes the decrease in the fair market value of the property." *Babich*, 563 A.2d at 170. "Repair and replacement costs are irrelevant when the damage is permanent, only the reduction in market value can be considered." *Id.* The exception to this rule recognized in *Crea* and *Pennsylvania Department of General Services v. United*

---

[2]  Arch also contends that Stiffler should have been permitted to testify as a person with knowledge and experience qualifying him to form a reasonably intelligent judgment as to value. *See Westinghouse*, 176 A. at 15. Arch's proffer, however, fails to show that Stiffler had knowledge or experience concerning the actual FMV of the building or the values of similar property in the area. Therefore, the District Court correctly barred him from testifying about the building's FMV.

*States Mineral Products Co.*, 898 A.2d 590, 599 (Pa. 2006), is inapplicable because this is not a situation where there is no value in the market place for the destroyed property.

The FMV was the appropriate measure of damages for the building destroyed in the fire. Due to its litigation decisions, Arch failed to produce any admissible or competent evidence to establish a market value for the building. Without the necessary evidence, the District Court acted appropriately in granting partial summary judgment in favor of Carol & Dave's. For these reasons, we will affirm.